**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, CA 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

John P. Kinsey #215916
jkinsey@wjhattorneys.com
Marisa L. Balch #258332
mbalch@wjhattorneys.com
Hunter C. Castro #323156
hcastro@wjhattorneys.com
Daniel J. Frea #349605
dfrea@wjhattorneys.com

Attorneys for:  Plaintiffs True North Detox, LLC,
dba First Steps Recovery

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| TRUE NORTH DETOX, LLC, a California limited liability company doing business as FIRST STEPS RECOVERY.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, a political subdivision of the State of California.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF** |

Plaintiff TRUE NORTH DETOX, LLC, dba FIRST STEPS RECOVERY, alleges as follows:

## PARTIES

1. Plaintiff TRUE NORTH DETOX, LLC, is and at all times relevant herein was a California limited liability company doing business in the County of Fresno, California, as FIRST STEPS RECOVERY ("**First Steps**"). During all periods relevant to this proceeding, First Steps was fully licensed and accredited to engage in the business of providing residential drug and alcohol addiction and recovery services on the FSR Property.

2. Defendant COUNTY OF FRESNO ("**Fresno County**"), is and at all times relevant herein was a political subdivision of the State of California, engaged in management and regulation of land uses within the County of Fresno, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because First Steps' claims arise under 42 U.S.C. § 12133.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in the Eastern District of California, the events or omissions giving rise to these claims occurred within the Eastern District of California, and the Property that is the subject of this action is situated in the Eastern District of California.

## FACTUAL BACKGROUND

*The County of Fresno is Vastly Underserved in Terms of Addiction Treatment Facilities*

5. The Central Valley and Fresno County in particular are vastly underserved in terms of facilities and programs that treat addiction and substance use disorders ("**SUD**"). Defendant Fresno County has "Opioid-related deaths have increased dramatically from 2018 to 2022, reaching a rate of 13.3 per 100,000 residents."

6. Addiction likewise creates a vast strain on County resources. According to the County, "Opioid-related ED visits account[s] for a substantial portion of all drug-related ED visits in the county," and the "number of opioid-related ED visits has increased significantly since 2018."

///

7. Defendant Fresno County has recognized that there is a pronounced "lack of resident SUD treatment programs" in the County. Defendant Fresno County's Department of Public Health has specifically recommended "Expanding and Improving access to services, especially in Rural Areas . . . ." *Available at:* https://www.fresnocountyca.gov/files/sharedassets/county/v/1/behavioral-health/substance-use-disorder/10.1-10.2.24-community-partner-meeting-presentation.pdf.

8. SUD treatment programs in Fresno County are at capacity, and there is typically a three to four month wait for "beds" at in-patient addiction facilities.

*First Steps Provides Critical Addiction Treatment Services in Fresno County*

9. First Steps is a full-service addiction treatment provider in Fresno County that is actively seeking to close the gap between those who seek help for addiction and the services they need. First Steps accounts for over 30% of the available treatment beds in Fresno County that are available from a commercial payor perspective (Anthem, VA, United Health Care, etc.), and the FSR Property encompasses around 18% of the available commercial beds for SUD treatment in the County.

10. In 2023, First Steps purchased the real property located at 10422 and 10422 N. Armstrong in Fresno County, Fresno County Assessor's Parcel No. 581-170-02 (the "**FSR Property**"), for the purpose of providing residential treatment and recovery services for residents of Fresno County. The FSR Property included two residential structures with separate addresses, as well as a number of structures constructed by the previous owner.

11. Prior to obtaining financing for the FSR Property, First Steps sought confirmation from Defendant Fresno County that its proposed use of the FSR Property was consistent with the zoning. First Steps, among other things, provided Defendant Fresno County's Staff with an operational statement detailing its proposed use of the FSR Property.

12. Defendant Fresno County's Staff originally told representatives of First Steps that no approvals were necessary, and that First Steps could engage in the use "by right." County staff confirmed by email: "Yes the existing homes can be used at the County Fire Department approved occupancy of 16 residents at each of the (E) houses. There is not a [*sic*] occupancy permit that we issue, what we can do if you want it is write a zoning determination letter for $42.00 if you wanted that for the (E) residences."

13. Because First Steps wanted further assurances, First Steps paid the $42.00 fee and obtained an official zoning determination. Defendant Fresno County provided the zoning determination on September 21, 2023.

14. In reliance upon these determinations, First Steps received financing and began operating at the FSR Property in later 2023.

### *Mr. Davidson Subsequently Builds a Home Next Door to the FSR Property*

15. Shortly after First Steps began operating at the FSR Property, Robert L. Davidson—a local architect who owns R.L. Davidson Architects, Inc., and who regularly interacts with Defendant Fresno County's staff—began constructing a massive residence next door to the FSR Property. Mr. Davidson almost immediately began a campaign threatening First Steps and its patients. Mr. Davidson's actions include, but are not limited to:

   a. Mr. Davidson regularly stalks the border of his property and the FSR Property with a rifle in hand, glaring menacingly at First Steps staff and patients while holding the rifle.

   b. In November 2024, Mr. Davidson walked to the border of the property and fired his rifle across the FSR Property. After discharging the rifle, Mr. Davidson stared down First Steps staff and patients.

   c. Mr. Davidson walks along the border of the FSR Property, taking photographs of First Steps staff and patients.

   d. Mr. Davidson has regularly entered the FSR Property without permission on numerous occasions, demanding that First Steps leadership speak with him.

   e. In August 2025, Mr. Davidson entered the FSR Property driving a Polaris ATV while appearing to be intoxicated, and he declined to immediately leave the property after being told to do so by FSR staff.

   f. In September 2025, after complaining to First Steps staff about its patients, Mr. Davidson made intimidating threats directed toward the patients, saying he are a "seasoned hunter," implying a willingness to shoot First Steps.

16. First Steps has repeatedly expressed concern to Defendant Fresno County about Mr. Davidson's threatening behavior, to no avail.

17. Instead, First Steps is also informed and believes, and based thereon alleges, that Defendant Fresno County has allowed Mr. Davidson to use his position as an architect who regularly interacts with Fresno County Staff to demand that Defendant Fresno County force First Steps and its patients to leave the FSR Property. This belief is based on, *inter alia*, the fact that Mr. Davidson appears to be aware of specific details regarding Defendant Fresno County's enforcement activities prior to those activities occurring. For example, Mr. Davidson trespassed onto the FSR Property on September 24, 2025, gloating that Fresno County Code Enforcement was about the "red tag" the property. Moreover, in its communications with First Steps, Defendant Fresno County's Staff has been reflexively parroting the same inaccurate talking points asserted by Mr. Davidson without verification.

18. Defendant Fresno County has also accepted as true many of the inaccurate and discriminatory talking points leveled at First Steps by Mr. Davidson (and other members of the surrounding community that he is interacting with). For instance:

   a. First Steps is reflexively blamed for allowing its residents offsite any time an unhoused person is spotted within the surrounding neighborhood. These are not First Steps residents, who are not allowed to leave the FSR Property on foot or unsupervised.

   b. First Steps is reflexively blamed any time drug paraphernalia is encountered in the neighborhood surrounding the FSR Property. Sadly, substance abuse is ubiquitous in California, and in particular rural communities such as the County of Fresno. Such encounters, however, have no connection to First Steps, as (i) drugs and drug paraphernalia are not allowed on the FSR Property; (ii) First Steps residents are constantly monitored and drug tested; and (iii) First Steps residents may not leave the FSR Property on foot or unsupervised.

   c. First Steps patients have been falsely accused of stealing fruit on a single occasion from a neighbor's tree without proof.

   d. The neighbors have repeatedly asserted that the FSR Property is the subject of "hundreds" of "calls for service"—an accusation that has now been repeated by Defendant Fresno County, suggesting that numerous "calls for service," regardless of their nature, are indicia of nuisance conditions. Yet virtually all of those "calls for service" are simply routine, non-emergency transportation events where a patient is transported to another facility for various reasons.

*Instead of Pushing Back on Mr. Davidson, Defendant Fresno County Acceded to His Demands and Begins Taking Discriminatory Action Against First Steps*

19. Because Mr. Davidson's actions are plainly discriminatory and constitute acts of coercion designed specifically to interfere with the constitutional rights of First Steps and its patients,[1] see California Civil Code § 52.1, Defendant Fresno County has an affirmative obligation to discourage this behavior in favor of improving access to housing and treatment. *See*, *e.g.*, Cal. Const., Art. I, § 1; Cal. HSC, § 11760-11872; 42 U.S.C. § 290dd-2. Despite these obligations, Defendant Fresno County acceded to Mr. Davidson's demands and allowed itself to be used as a cudgel in Mr. Davidson's campaign against First Steps.

20. Moreover, Defendant Fresno County has engaged in a series of additional acts that overtly discriminate against First Steps and its residents:

    a. In May 2025, the County issued a determination saying its finding that its original finding that First Steps use was a lawful "supportive housing" use was in error. Based on the responses to a Public Records Act request, this appears to be the ***only time in Defendant Fresno County's history*** where it has reversed such a determination.

    b. First Steps filed a timely appeal of the May 2025 determination, which Defendant Fresno County has not endeavored to act upon.

    c. On July 15, 2025, Defendant Fresno County's Staff conducted an inspection of the FSR Property looking for code violations. At this inspection, Defendant Fresno County's Staff did not identify or discuss any imminently hazardous conditions or workmanship issues—only that some forensic permitting and corrective work would be required. Despite this, on September 24, 2025, Defendant Fresno County began asserting that the issues supposedly represented an imminent threat to human safety, and asserting that the ***only*** solution was to shut the facility down.

    d. Despite the prior comments from its staff, Defendant Fresno County is now vastly overstating the alleged health and safety risks associated with the FSR Property. For

---

[1] Mr. Davidson's conduct constitutes, *inter alia*, a violation of the Bane Act (Cal. Civ. Code § 52.1), which prohibits "a person or persons, whether or not acting under color of law," from interfering or attempting to interfere "by threat, intimidation, or coercion . . . with the exercise and enjoyment by any individual or individual of rights secured by the Constitution or laws of the United States . . . ."

example, one of Defendant Fresno County's primary complaints is that First Steps installed a professional oven without permits (which First Steps has already agreed to remove). Likewise, Defendant Fresno County complains that small structures on the FSR Property that are used by First Steps staff were not permitted by the prior owner of the FSR Property (which First Steps has already agreed to vacate until permits have been obtained).

    e. Shutting down the First Steps facility on the FSR Property will result in the displacement of up to twenty-five First Steps patients who are actively seeking recovery. This will be a significant threat to their safety and recovery, given the fact that there is no other place for them to go.

    f. County Staff has declined requests for First Steps and its architects to conduct a meeting regarding a permitting pathway.

### *The County Intends to Shut Down the First Steps Facility on the FSR Property*

  21. On September 26, 2025, Defendant Fresno County threatened to shut down the facility on the FSR Property, notwithstanding the serious concerns raised by First Steps. As a result, First Steps has been forced to file this action.

  22. During the week of September 15, 2025, representatives of First Steps reached out to Defendant Fresno County to discuss a permitting strategy, as well as First Steps' underlying use of the FSR Property. The latter issue was the subject of First Steps' appeal filed in May 2025, which Defendant Fresno County still has not acted upon. After a discussion between the Defendant Fresno County Counsel's office and counsel for First Steps on September 19, 2025, First Steps was under the impression that Defendant Fresno County was ready to engage in a dialog with First Steps regarding a permitting pathway.

  23. Much to First Steps' surprise, however, Defendant Fresno County entered the FSR Property (without permission) on September 24, 2025, and posted a notice and order advising that the buildings on the FSR Property were allegedly "UNSAFE" to occupy. The notice provided that the notice and order could be appealed within ten days—*i.e.*, October 4, 2025.

///

///

24. The next day, Defendant Fresno County entered the FSR Property (again without permission) to post another *expanded* notice and order, which also had an appeal period of ten days—*i.e.*, October 5, 2025.

25. Despite the fact that the appeal period for the notices and order had not yet passed, and commitments from First Steps to work with Defendant Fresno County on the alleged permitting issues, Defendant Fresno County took the position on September 26, 2025, that it was requiring the FSR Property to be vacated by September 26, 2025. In a show of force, Defendant Fresno County sent the Sheriff's Department to the FSR Property on September 26, 2025, at 1:00 p.m., and posted a yet another Notice to Vacate on September 26, 2025.

26. First Steps has been advised by Defendant Fresno County that it intends to remove First Steps' patients as early as Saturday, September 27, 2025.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619

### [Disparate Treatment/Intentional Discrimination – § 3604(f)]

27. First Steps realleges paragraphs 1 through 26, above, as if fully set forth herein.

28. The Federal Fair Housing Act ("**FHA**"), codified at 42 U.S.C. § 3601 et seq., prohibits local governments from discriminating on the basis of a handicap.

29. As defined in the FHA, a "handicap" includes addiction to drugs or alcohol. Individuals who are in recovery from drug and alcohol addiction are protected from discrimination under the FHA.

30. Discrimination prohibited under the FHA includes local land use and zoning laws and practices that discriminate or have the effect of discriminating against individuals who suffer from a handicap.

31. First Steps' operation of a residential drug and alcohol treatment center on the FSR Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

///

32. First Steps' operation of a residential drug and alcohol treatment center on the FSR Property did not violate any Fresno County zoning law or ordinance because it was previously approved by Defendant Fresno County's Staff as "supportive housing" allowed in the AE zone by right where the FSR Property is situated.

33. Even though First Steps' use of the FSR Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a conditional use permit to continue operating on the FSR Property.

34. Defendant Fresno County's unprecedented determination that First Steps' use of the FSR Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal of that determination, was a discriminatory act in violation of the FHA. The decision was improperly motivated by a discriminatory animus of the County and/or members of the community like Mr. Davidson, against individuals who suffer a "handicap" or "disability" protected by the FHA. Defendant Fresno County's subsequent aggressive tactics and inspections of the FSR Property were harassing and discriminatory.

35. Defendant Fresno County was aware that the FSR Property was being used as a group home for individuals with a handicap or disability and that federal anti-discrimination laws prohibited Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. Nevertheless, Defendant Fresno County refused to engage in an interactive process designed to find a reasonable modification that would protect Frist Steps' handicapped and disabled clients' right to live together as a family in a group home.

36. As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages. Unless Defendant Fresno County's proposed actions to close the FSR Property for all occupancy are enjoined, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

37. First Steps seeks all available relief for Defendant Fresno County's discriminatory acts, including actual and/or punitive damages in an amount according to proof at trial. 42 U.S.C. § 3613(c)(1).

38. First Steps also seeks an order enjoining Defendant Fresno County from requiring First Steps to obtain a CUP or other permit for their continued use of the FSR Property. *See* 42 U.S.C. § 3616(c)(1) (authorizing Court to remedy FHA violation by entering an injunction or other order, or "ordering such affirmative action as may be appropriate").

39. First Steps seeks both an immediate temporary injunction and a permanent injunction enjoining all interference with First Steps and its patients' use of the FSR Property.

## SECOND CLAIM FOR RELIEF

**Violation of the Fair Housing Act**

**[Failure to Reasonably Accommodate – 42 U.S.C. § 3604(f)]**

40. First Steps realleges paragraphs 1 through 39, above, as if fully set forth herein.

41. The FHA defines discrimination to include the failure to provide a reasonable accommodation for individuals known to have a protected characteristic. Specifically, the FHA prohibits local governments from refusing to make reasonable accommodations in rules, policies, or practices when such accommodations may be necessary to afford a person with a handicap or disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3).

42. In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the FSR Property, FSR requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of the FSR Property as a residential treatment facility for handicapped and disabled individuals suffering from drug and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

43. The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the FSR Property. It does not require any additional action at all on the part of Defendant Fresno County other than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the FSR Property herein was a by right use not requiring a CUP or other local permits.

44. As of the filing of this complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

45. Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of the FHA.

46. First Steps seeks all available relief for Defendant Fresno County's discriminatory act, including actual and punitive damages in an amount to be proven at trial. 42 U.S.C. § 3613(c)(1).

47. First Steps seeks both an immediate temporary injunction and a permanent injunction enjoining all interference with First Steps and its patients' use of the FSR Property.

## THIRD CLAIM FOR RELIEF

### Violation of the Fair Housing Act

### [Interference/Coercion – 42 U.S.C. § 3617]

48. First Steps realleges paragraphs 1 through 47, above, as if fully set forth herein.

49. It is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by" the FHA. 42 U.S.C. § 3617.

50. Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce, intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

51. Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the FSR Property for legal compliance to ordering an immediate closure of the FSR Property as "unsafe" for occupancy was solely intended to force compliance through coercion, intimidation, threats, and interference.

52. First Steps seeks all available relief for Defendant Fresno County's discriminatory actions, including actual and punitive damages in an amount to be proven at trial. 42 U.S.C. § 3613(c)(1).

///

///

53. First Steps seeks both an immediate temporary injunction and a permanent injunction that would enjoin Defendant Fresno County from threatening and coercing First Steps and its patients in the exercise of their right to continue the current use the FSR Property.

## FOURTH CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act

**[Disparate Treatment/Intentional Discrimination – 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7); 29 U.S.C. § 794]**

54. First Steps realleges paragraphs 1 through 53, above, as if fully set forth herein.

55. The Americans with Disabilities Act ("**ADA**") prohibits local governments and their subdivisions from discriminating against individuals on the basis of a disability. 42 U.S.C. §§ 12131, 12132.

56. Defendant Fresno County is a public entity within the meaning of 42 U.S.C. § 12131(1).

57. In the alternative, Defendant Fresno County is a recipient of federal grant funds requiring nondiscrimination against persons with disabilities and the implementation of programs to prevent the same.  29 U.S.C. § 794.

58. As defined in the ADA, a "disability" includes the addiction to drugs or alcohol. 42 U.S.C. § 12102.  Thus, individuals who are seeking treatment and recovery from drug and alcohol addiction are protected from discrimination by local governments under the ADA.

59. First Steps' operation of a residential drug and alcohol treatment center on the FSR Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

60. First Steps' operation of a residential drug and alcohol treatment center on the FSR Property did not violate any Fresno County zoning law or ordinance because it was previously approved by Defendant Fresno County's Staff as "supportive housing" allowed in the AE zone by right where the FSR Property is situated.

///

61. Even though First Steps' use of the FSR Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a conditional use permit to continue operating on the FSR Property.

62. Defendant Fresno County's unprecedented determination that First Steps' use of the FSR Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal of that determination, was a discriminatory act in violation of the ADA. The decision was improperly motivated by a discriminatory animus of the County and/or members of the community like Mr. Davidson, against individuals who suffer a "handicap" or "disability" protected by the ADA. Defendant Fresno County's subsequent aggressive tactics and inspections of the FSR Property were harassing and discriminatory.

63. Defendant Fresno County was aware that the FSR Property was being used as a group home for individuals with a handicap or disability and that federal anti-discrimination laws prohibited Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. Nevertheless, Defendant Fresno County refused to engage in an interactive process designed to find a reasonable modification that would protect Frist Steps' handicapped and disabled clients' right to live together as a family in a group home.

64. As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages. Unless Defendant Fresno County's proposed actions to close the FSR Property for all occupancy are enjoined, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

65. First Steps seeks all available relief for Defendant Fresno County's discriminatory acts, including actual and/or punitive damages in an amount according to proof at trial. 42 U.S.C. § 12133.

66. First Steps also seeks an order enjoining Defendant Fresno County from requiring First Steps to obtain a CUP or other permit for their continued use of the FSR Property.

67. First Steps seeks both an immediate temporary injunction and a permanent injunction enjoining all interference with First Steps and its patients' use of the FSR Property.

## FIFTH CLAIM FOR RELIEF

## Violation of the Americans with Disabilities Act

### [Failure to Reasonably Accommodate – 42 U.S.C. §§ 12132, 12133]

68. First Steps realleges paragraphs 1 through 67, above, as if fully set forth herein.

69. The ADA requires local governments to make reasonable modifications to rules, policies, or practices when such modifications are requested and are necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

70. In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the FSR Property, FSR requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of the FSR Property as a residential treatment facility for handicapped and disabled individuals suffering from drug and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

71. The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the FSR Property. It does not require any additional action at all on the part of Defendant Fresno County other than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the FSR Property herein was a by right use not requiring a CUP or other local permits.

72. As of the filing of this complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

73. Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of the ADA.

74. First Steps seeks all available relief for Defendant Fresno County's discriminatory act, including actual and punitive damages in an amount to be proven at trial. 42 U.S.C. § 12133.

///

75. First Steps seeks both an immediate temporary injunction and a permanent injunction enjoining all interference with First Steps and its patients' use of the FSR Property.

### SIXTH CLAIM FOR RELIEF

**Violation of the Americans with Disabilities Act**

**[Interference/Retaliation – 42 U.S.C. § 12203(b)]**

76. First Steps realleges paragraphs 1 through 75, above, as if fully set forth herein.

77. It is unlawful to retaliate, interfere, coerce, or intimidate persons in connection with their exercise or enjoyment of any right protected by the ADA. 42 U.S.C. 12203.

78. Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce, intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

79. Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the FSR Property for legal compliance to ordering an immediate closure of the FSR Property as "unsafe" for occupancy was solely intended to force compliance through coercion, intimidation, threats, and interference.

80. First Steps seeks all available relief for Defendant Fresno County's discriminatory actions, including actual and punitive damages in an amount to be proven at trial. 42 U.S.C. § 12133.

81. First Steps seeks both an immediate temporary injunction and a permanent injunction that would enjoin Defendant Fresno County from threatening and coercing First Steps and its patients in the exercise of their right to continue the current use the FSR Property.

///
///
///
///
///
///

## SEVENTH CLAIM FOR RELIEF

### Violation of the California Anti-Discrimination Laws

**[Disparate Treatment/Intentional Discrimination/Failure to Accommodate/Failure to Prevent/Intimidation – Cal. Gov't Code §§ 65008, 12955, 12989.1; Cal. Civ. Code §§ 51, 52-52.3]**

82. First Steps realleges paragraphs 1 through 81, above, as if fully set forth herein.

83. The California Fair Employment and Housing Act ("**FEHA**") prohibits discrimination in housing and "through public or private land use practices, decisions, and authorizations because of . . . disability . . . veteran or military status, or ancestry. Discrimination includes, but is not limited to, restrictive covenants, zoning laws, denials of use permits, and other actions authorized under the Planning and Zoning Law (Title 7 (commencing with Section 65000)), that make housing opportunities unavailable." Cal. Gov't Code § 12955(L); *see* 2 Cal. Code Regs. § 12005(bb); Cal. Gov't Code § 12955.6.

84. Local government agencies are prohibited from denying any individual or group "the enjoyment of residence, landownership, tenancy, or any other land use in this state because of" their membership in a protected class of persons under FEHA. Cal. Gov't Code § 65008.

85. California's Unruh Civil Rights Act provides all persons are entitled to the full protection of the laws regardless of disability status. Cal. Civ. Code § 51(b); *see* Cal. Civ. Code §§ 52.1-52.3, 53. All violations of the ADA also constitute violations of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

86. California requires all local agencies to administer their programs and activities relating to housing "in a manner to affirmatively further fair housing, and take no action that is materially inconsistent with its obligation to affirmatively further fair housing." Cal. Gov't Code § 8899.50(b)(1).

87. Section 1 of Article I of the California Constitution provides, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

88. The California laws referenced above are collectively referred to below as California anti-discrimination laws.

89. As persons with disabilities, many of whom are also veterans or members of the military, First Steps' patients are entitled to California anti-discrimination laws' protections in connection with their use and enjoyment of the FSR Property for housing purposes.

90. First Steps' operation of a residential drug and alcohol treatment center on the FSR Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

91. First Steps' operation of a residential drug and alcohol treatment center on the FSR Property did not violate any Fresno County zoning law or ordinance because it was previously approved by Defendant Fresno County's Staff as "supportive housing" allowed in the AE zone by right where the FSR Property is situated.

92. Even though First Steps' use of the FSR Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a conditional use permit to continue operating on the FSR Property.

93. Defendant Fresno County's unprecedented determination that First Steps' use of the FSR Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal of that determination, was a discriminatory act in violation of the FHA. The decision was improperly motivated by a discriminatory animus of the County and/or members of the community like Mr. Davidson, against individuals who are a protected class under FEHA. Defendant Fresno County's subsequent aggressive tactics and inspections of the FSR Property were harassing and discriminatory.

94. Defendant Fresno County was aware that the FSR Property was being used as a group home for individuals who are protected by California's anti-discrimination laws prohibiting Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the FSR Property, FSR requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of the FSR Property as a residential treatment facility for handicapped and disabled individuals suffering from drug

and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

95. The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the FSR Property. It does not require any additional action at all on the part of Defendant Fresno County other than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the FSR Property herein was a by right use not requiring a CUP or other local permits.

96. As of the filing of this complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

97. Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of California anti-discrimination laws.

98. Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce, intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

99. Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the FSR Property for legal compliance to ordering an immediate closure of the FSR Property as "unsafe" for occupancy was solely intended to force compliance through coercion, intimidation, threats, and interference. This is well outside the bounds required by Defendant Fresno County's obligation to prevent discrimination and foster housing inclusivity as a matter of statewide policy.

100. As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages. Unless Defendant Fresno County's proposed actions to close the FSR Property for all occupancy are enjoined, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

///

101. First Steps seeks all available relief for Defendant Fresno County's discriminatory acts, including actual and/or punitive damages in an amount according to proof at trial. *See, e.g.* Cal. Civ. Code §§ 52-52.3;

102. First Steps also seeks an order enjoining Defendant Fresno County from requiring First Steps to obtain a CUP or other permit for their continued use of the FSR Property. *See, e.g.* Cal. Civ. Code § 52(c)(3).

103. First Steps seeks both an immediate temporary injunction and a permanent injunction enjoining all interference with First Steps and its patients' use of the FSR Property.

## EIGHTH CLAIM FOR RELIEF

### Preliminary Injunction

### [F.R.C.P. 60]

104. First Steps realleges paragraphs 1 through 104, above, as if fully set forth herein.

105. First Steps is entitled to preliminary injunctive relief based on the Defendant Fresno County's discriminatory actions in violation of the FHA, ADA, and California's anti-discrimination laws.

106. By continuing to discriminate against First Steps and its patients based on their disabilities, handicaps, or other protected characteristics as alleged above, Defendant Fresno County has caused, and continues to cause, irreparable harm to First Steps and the patients it services for which there is no adequate remedy at law.

107. Without a preliminary injunction permitting First Steps' continued operation, First Steps will be forced to displace its patient residents, who are in the midst of recovery and who may be involuntarily forced back into the same environments that caused their drug and alcohol addictions in the first place.

108. This harm far outweighs any injury which granting the injunction will inflict on Defendant Fresno County.

109. First Steps is likely to succeed on the merits of its claims outlined above.

110. The public's interest in recovery and prevention of housing instability favors an injunction.

## PRAYER FOR RELIEF

First Steps respectfully requests that the Court:

1. Enter an order that the Defendant Fresno County's conduct is adjudged and decreed to violate the FHA, ADA, and California anti-discrimination laws as alleged herein;

2. Enter a permanent order enjoining and restraining Defendant Fresno County from enforcing the decision that First Steps' use of the FSR Property as a residential treatment center for individuals recovering from drug or alcohol addiction is an unauthorized, illegal, or non-conforming use of the FSR Property;

3. Enter a permanent order enjoining and restraining Defendant Fresno County from discriminating in any other way against First Steps and interfering with their current ownership and use of the FSR Property as a residential treatment center for individuals recovering from drug or alcohol addiction;

4. Enter a preliminary injunction restraining Defendant Fresno County from enforcing the Fresno County Zoning Ordinance or otherwise taking any action against First Steps based on that Ordinance until a final decision is entered by this Court;

5. Enter an order awarding First Steps compensatory and punitive damages against the Defendnats for their discriminatory acts as permitted by law, in an amount to be determined at trial;

6. Enter an order awarding First Steps its reasonable attorneys' fees and costs as allowed under law; and

7. Grant all other and further relief to which First Steps may be entitled at law or in equity as the Court deems just and proper.

Dated: September 26, 2025

WANGER JONES HELSLEY PC

By: _____
John P. Kinsey
Marisa L. Balch
Hunter C. Castro
Daniel J. Frea
Attorneys for Plaintiffs True North Detox, LLC, dba First Steps Recovery