**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, CA 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

John P. Kinsey #215916
jkinsey@wjhattorneys.com
Marisa L. Balch #258332
mbalch@wjhattorneys.com
Hunter C. Castro #323156
hcastro@wjhattorneys.com
Daniel J. Frea #349605
dfrea@wjhattorneys.com

Attorneys for:   Plaintiffs True North Detox, LLC,
                 dba First Steps Recovery

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| TRUE NORTH DETOX, LLC, a California limited liability company doing business as FIRST STEPS RECOVERY.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO, a political subdivision of the State of California.<br><br>　　　　Defendant. | Case No. 1:25-cv-01281-JLT-EPG<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS** |

Plaintiff TRUE NORTH DETOX, LLC, dba FIRST STEPS RECOVERY, alleges as follows:

## PARTIES

1.   Plaintiff TRUE NORTH DETOX, LLC, is and at all times relevant herein was a California limited liability company doing business in the County of Fresno, California, as FIRST STEPS RECOVERY ("**First Steps**"). During all periods relevant to this proceeding, First Steps was

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

fully licensed and accredited to engage in the business of providing residential drug and alcohol addiction and recovery services on the Subject Property.

2. Defendant COUNTY OF FRESNO (the "**Fresno County**"), is and at all times relevant herein was a political subdivision of the State of California, engaged in management and regulation of land uses within the County of Fresno, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because First Steps' claims arise under 42 U.S.C. § 12133.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant(s) reside in the Eastern District of California, the events or omissions giving rise to these claims occurred within the Eastern District of California, and the property that is the subject of this action is situated in the Eastern District of California.

## FACTUAL BACKGROUND

### *Fresno County is Vastly Underserved in Terms of Addiction Treatment Facilities*

5. The Central Valley and Fresno County in particular are vastly underserved in terms of facilities and programs that treat addiction and substance use disorders ("**SUD**"). Fresno County has "Opioid-related deaths have increased dramatically from 2018 to 2022, reaching a rate of 13.3 per 100,000 residents."

6. Addiction likewise creates a vast strain on County resources. According to Fresno County, "Opioid-related ED visits account[s] for a substantial portion of all drug-related ED visits in the county," and the "number of opioid-related ED visits has increased significantly since 2018."

7. Fresno County has recognized that there is a pronounced "lack of resident SUD treatment programs" in the County. Fresno County's Department of Public Health has specifically recommended "Expanding and Improving access to services, especially in Rural Areas . . . ." *Available at:*    https://www.fresnocountyca.gov/files/sharedassets/county/v/1/behavioral-health/substance-use-disorder/10.1-10.2.24-community-partner-meeting-presentation.pdf.

///

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

8.      SUD treatment programs in Fresno County are at capacity, and there is typically a three to four month wait for "beds" at in-patient addiction facilities.

***First Steps Provides Critical Addiction Treatment Services in Fresno County***

9.      First Steps is a full-service addiction treatment provider in Fresno County that is actively seeking to close the gap between those who seek help for addiction and the services they need. First Steps accounts for over 30% of the available treatment beds in Fresno County that are available from a commercial payor perspective (Anthem, VA, United Health Care, etc.), and the Subject Property encompasses around 18% of the available commercial beds for SUD treatment in Fresno County.

10.     In 2023, First Steps purchased the real property located at 10422 and 10428 N. Armstrong in Fresno County, Fresno County Assessor's Parcel No. 581-170-02 (the "**Subject Property**"), for the purpose of providing residential treatment and recovery services for residents of Fresno County.  The Subject Property included two residential structures with separate addresses, as well as a number of structures constructed by the previous owner.

11.     Prior to obtaining financing for the Subject Property, First Steps sought confirmation from Fresno County that its proposed use of the Subject Property was consistent with the zoning.  First Steps, among other things, provided Fresno County's staff with an operational statement detailing its proposed use of the Subject Property.

12.     Fresno County's staff originally told representatives of First Steps that no approvals were necessary, and that First Steps could engage in the use "by right."  Fresno County staff confirmed by email: "Yes the existing homes can be used at the County Fire Department approved occupancy of 16 residents at each of the (E) houses.  There is not a [*sic*] occupancy permit that we issue, what we can do if you want it is write a zoning determination letter for $42.00 if you wanted that for the (E) residences."

13.     Because First Steps wanted further assurances, First Steps paid the $42.00 fee and obtained an official zoning determination.  Fresno County provided the zoning determination on September 21, 2023.

///

///

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

14. In reliance upon these determinations, First Steps received financing and began operating at the Subject Property in later 2023 consistent with the operational statement previously provided to Fresno County.

*Robert L. Davidson Subsequently Builds a Home Next Door to the Subject Property*

15. Shortly after First Steps began operating at the Subject Property, Robert L. Davidson—a local architect who owns R.L. Davidson Architects, Inc., and who regularly interacts with Fresno County's staff—began constructing a massive residence next door to the Subject Property. Mr. Davidson almost immediately began a campaign threatening First Steps and its patients. Mr. Davidson's actions include, but are not limited to:

a. Mr. Davidson regularly stalks the border of his property and the Subject Property with a rifle in hand, glaring menacingly at First Steps staff and patients while holding the rifle.

b. In November 2024, Mr. Davidson walked to the border of the property and fired his rifle across the Subject Property. After discharging the rifle, Mr. Davidson stared down First Steps staff and patients.

c. Mr. Davidson walks along the border of the Subject Property, taking photographs of First Steps staff and patients.

d. Mr. Davidson has regularly entered the Subject Property without permission on numerous occasions, demanding that First Steps leadership speak with him.

e. In August 2025, Mr. Davidson entered the Subject Property driving a Polaris ATV while appearing to be intoxicated, and he declined to immediately leave the property after being told to do so by First Steps staff.

f. In September 2025, after complaining to First Steps staff about its patients, Mr. Davidson made intimidating threats directed toward the patients, saying he are a "seasoned hunter," implying a willingness to shoot First Steps' patients.

16. First Steps has repeatedly expressed concern to Defendant Fresno County about Mr. Davidson's threatening behavior, to no avail.

17. Instead, First Steps is also informed and believes, and based thereon alleges, that Defendant Fresno County has allowed Mr. Davidson to use his position as an architect who regularly

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

interacts with Fresno County staff to demand that Defendant Fresno County force First Steps and its patients to leave the Subject Property. This belief is based on, *inter alia*, the fact that Mr. Davidson appears to be aware of specific details regarding Defendant Fresno County's enforcement activities prior to those activities occurring. For example, Mr. Davidson trespassed onto the Subject Property on September 24, 2025, gloating that Fresno County Code Enforcement was about the "red tag" the property. Moreover, in its communications with First Steps, Defendant Fresno County's staff has been reflexively parroting the same inaccurate talking points asserted by Mr. Davidson without verification.

18. Defendant Fresno County has also accepted as true many of the inaccurate and discriminatory talking points leveled at First Steps by Mr. Davidson (and other members of the surrounding community that he is interacting with). For instance:

a. First Steps is reflexively blamed for allowing its residents offsite any time an unhoused person is spotted within the surrounding neighborhood. These are not First Steps residents, who are not allowed to leave the Subject Property on foot or unsupervised.

b. First Steps is reflexively blamed any time drug paraphernalia is encountered in the neighborhood surrounding the Subject Property. Sadly, substance abuse is ubiquitous in California, and in particular rural communities such as the County of Fresno. Such encounters, however, have no connection to First Steps, as (i) drugs and drug paraphernalia are not allowed on the Subject Property; (ii) First Steps residents are constantly monitored and drug tested; and (iii) First Steps residents may not leave the Subject Property on foot or unsupervised.

c. First Steps patients have been falsely accused of stealing fruit on a single occasion from a neighbor's tree without proof.

d. The neighbors have repeatedly asserted that the Subject Property is the subject of "hundreds" of "calls for service"—an accusation that has now been repeated by Defendant Fresno County, suggesting that numerous "calls for service," regardless of their nature, are indicia of nuisance conditions. Yet virtually all of those "calls for service" are simply routine, non-emergency transportation events where a patient is transported to another facility for various reasons.

///

///

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

*Instead of Pushing Back on Mr. Davidson, Fresno County Acceded to His Demands and Began Taking Discriminatory Action Against First Steps*

19.    Because Mr. Davidson's actions are plainly discriminatory and constitute acts of coercion designed specifically to interfere with the constitutional rights of First Steps and its patients,[1] see California Civil Code § 52.1, Fresno County has an affirmative obligation to discourage this behavior in favor of improving access to housing and treatment. *See, e.g.*, Cal. Const., Art. I, § 1; Cal. HSC, § 11760-11872; 42 U.S.C. § 290dd-2. Despite these obligations, Fresno County acceded to Mr. Davidson's demands and allowed itself to be used as a cudgel in the campaign by Mr. Davidson and other neighbors against First Steps.

20.    Moreover, Fresno County has engaged in a series of additional acts that overtly discriminate against First Steps and its residents. Specifically, in May 2025, the Fresno County issued a determination saying its original finding that First Steps' use was a lawful "supportive housing" use was in error. Based on Fresno County's responses to a Public Records Act request, this appears to be the *only time in Fresno County's history* where it has reversed such a determination.

21.    First Steps filed a timely appeal of the May 2025 determination, which Fresno County has not endeavored to act upon to date. Fresno County Zoning Ordinance section 876.6.060 provides determinations of this kind are not final until the final resolution of ascending appeals to the Planning Director, Planning Commission, and/or Board of Supervisors. Despite this, Fresno County has been declining to follow its own code by treating the determination as both final and unreviewable.

22.    In an effort to reduce tensions with Fresno County, First Steps agreed to voluntary inspections of the Subject Property by Fresno County staff on April 23, 2025, and June 26, 2025. During those inspections, the communications between representatives of First Steps and Fresno County were generally cordial and constructive, and Fresno County staff did not identify or discuss any imminently hazardous conditions or workmanship issues on the Subject Property. To the contrary, Fresno County staff only asserted that some forensic permitting and corrective work would be required.

---

[1]    Mr. Davidson's conduct constitutes, *inter alia*, a violation of the Bane Act (Cal. Civ. Code § 52.1), which prohibits "a person or persons, whether or not acting under color of law," from interfering or attempting to interfere "by threat, intimidation, or coercion . . . with the exercise and enjoyment by any individual or individual of rights secured by the Constitution or laws of the United States . . . ."

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

23.     Indeed, the issues raised by Fresno County were so minor that its staff did not formally cite First Steps for any code violations following the two inspections. Instead, on July 10, 2025, Fresno County staff merely sent First Steps an informal list of corrections, a true and correct copy of which is attached hereto as **Exhibit "A."** A brief review of the informal list reveals no suggestion that any of the corrections were necessary to resolve any extreme and imminent danger to the lives or safety of the Subject Property's occupants.

24.     After receiving the informal list from Fresno County staff on July 10, 2025, First Steps immediately began working with Precision Civil Engineering ("**PCE**")—a highly reputable Fresno-based firm with extensive contracting and permitting experience—to address Fresno County staff's stated concerns.

25.     However, because Fresno County had previously purported to rescind its zoning determinations and had not yet endeavored to act on First Steps' appeal of that May 2025 decision, significant questions remained regarding the occupancy classification and designated use of the Subject Property. First Steps and PCE also had questions regarding Fresno County's preferences regarding the sequencing of its applications to resolve the issues raised in Fresno County staff's informal list of corrections.

26.     As a result, on or about September 12, 2025, representatives of First Steps attempted initial discussions with Fresno County and requested a staff-level meeting to answer First Steps' permitting questions. After a discussion between the Fresno County Counsel's office and counsel for First Steps on September 19, 2025, First Steps was under the impression that Fresno County was ready to engage in a dialog with First Steps regarding a permitting pathway, as well as First Steps' underlying use of the Subject Property. The latter issue was the subject of First Steps' appeal filed in May 2025—which Fresno County *still* has not acted upon.

27.     Unfortunately, however, the matter was thereafter removed from the control of Fresno County staff, resulting in non-technical representatives of Fresno County taking a series of provocative and discriminating actions that were completely contrary to how Fresno County regulates other properties under its jurisdiction:

///

7

a.       Fresno County abruptly changed positions on September 22, 2025, when it advised that it was going to "red tag" the Subject Property due to alleged health and safety issues, and asserting that the *only* solution was to shut the Subject Property down—despite the fact that Fresno County had never, at any point before that time, endeavored to do anything other than provide an informal correction list. Fresno County likewise refused to agree to a meeting between its staff and First Steps and PCE regarding their permitting questions.

b.       Fresno County entered the Subject Property (without permission) on September 24, 2025, and posted a notice and order (*i.e.*, a "red tag") advising that the buildings on the Subject Property were purportedly "UNSAFE" to occupy. The notice primarily included the minor issues raised in the informal list provided to First Steps on July 10, 2025. The first notice provided that the notice and order could be appealed within ten days—*i.e.*, October 4, 2025.

c.       The next day, Defendant Fresno County entered the Subject Property (again without permission) to post another *expanded* notice and order, which also had an appeal period of ten days—*i.e.*, October 5, 2025.

d.       Fresno County continued to post similar such notices on the Subject Property on a daily basis—sometimes multiple times per day—through September 26, 2025.

e.       First Steps promptly appealed each of the notices. As with First Steps' first appeal in May 2025, however, Fresno County never endeavored to act on the appeal, depriving First Steps its right to a hearing before Fresno County's decisionmakers.

f.       Despite the fact that the appeal period for the various notices and orders had not yet passed, and commitments from First Steps to work with Fresno County on the alleged permitting issues, Fresno County took the position on September 26, 2025, that it was requiring the Subject Property to be vacated by September 26, 2025. In a show of force, Fresno County sent its Sheriff's Department to the Subject Property on September 26, 2025, at 1:00 p.m., and posted a yet another Notice to Vacate on September 26, 2025.

g.       As a result, First Steps was forced to file this action on September 26, 2025.

///

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

h.    On September 30, 2025, First Steps timely appealed each of the notices and orders identified herein, providing copies of its appeal correspondence to Fresno County's Office of County Hearing Officer, its Code Enforcement Program Manager, its Planning Director and Department, and the Fresno County Counsel's office.  Fresno County Ordinance Chapters 1.16 and 15.32 provide for appeal processes and hearings to stay and challenge nuisance-based citations and orders. First Steps' appeal letter also requested Fresno County staff process First Steps' correspondence as a request for reasonable accommodation and asked for additional information on its still-pending appeal from May 2025.

i.    To date, Fresno County has failed and/or refused to act on any of First Steps' pending appeals regarding the Subject Property, again depriving First Steps of the right to have the matter heard by Fresno County's decisionmakers.

***Fresno County Continues to Assert it May Shut Down the First Steps Facility on the Subject Property***

28.    Since September 26, 2025, First Steps has operated under the artificial cloud created by Fresno County and its red tags.  This has created significant hardship for both First Steps and the public generally, because First Steps is in a position where it must turn away individuals who are seeking help with SUDs.

29.    As a result, First Steps has taken extraordinary steps to resolve Fresno County's permitting concerns.  In addition to directing PCE to proceed as quickly as possible, First Steps has hired several other contractors to help ensure the minor permitting issues (corrections) are resolved as quickly as possible.  However, this process has laid bare numerous other concerns regarding Fresno County's treatment of First Steps:

a.    First Steps has learned that many of the alleged code violations are simply fictitious.  For example, one of the bases for the red tags posted in September 2025 was that a former owner of the Subject Property did not obtain permits for new roofing.  However, an investigation revealed that the roofing on the Subject Property's two houses had never been replaced since their construction in the late 1990s.

///

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

b. First Steps repeatedly sought to meet and confer with Fresno County regarding an acceptable timeline for the submission of permits, many of which require drawings from draftsmen—similar to what a homeowner would need for a remodel. Instead of providing a reasonable timeframe for the submission of such drawings, or deferring to Fresno County technical staff regarding an appropriate timeframe for the submission of such drawings, Fresno County demanded wildly aggressive and unrealistic timeframes developed by non-trained representatives. At the same time, Fresno County has taken weeks to issue several ministerial permits, evidencing a double standard on the part of Fresno County.

c. First Steps is adamant that none of the issues that have ever been raised by Fresno County regarding the Subject Property arise to the level of an "extreme and imminent danger to the lives or safety of the occupants." After First Steps resolved all issues concerning gas and electricity, for example, First Steps asked Fresno County representatives on October 27, 2025, whether Fresno County staff believed any remaining "health and safety" issues remained that justified the Subject Property continuing to be subject to "red tags." Fresno County responded that the Subject Property remained under "red tags" because there could "potentially" be issues they were not aware of. In other words, Fresno County is applying a completely different standard than that articulated under the Fresno County Ordinance for the red-tagging of a structure. *Cf.* County of Fresno, Code of Ordinances, § 15.32.040 (authorizing red tags where the Code Enforcement Official makes a "finding that there exists *extreme and imminent danger to the lives or safety of the occupants* . . . .").

d. When asked who made the determination as to whether the red tags should be removed on October 27, 2025, Fresno County representatives responded that it was up to the Board of Supervisors. Again, that is contrary to Fresno County Ordinance Chapter 15.32's requirements vesting authority for that determination in technical staff, not a political body.

e. Rather than address First Steps' simple requests for information or process its many administrative appeals, Fresno County opted to respond to the above-captioned action by devoting its efforts to filing its own Complaint for Injunctive Relief to Abate Violations of the Ordinance Code of Fresno and California Building and Residential Codes in the Fresno County Superior Court, Case No. 25CECG04575, on or about September 29, 2025 (the "**County Complaint**").

10

f.    Despite not having served the County Complaint on First Steps or any of the three First Steps employees that Fresno County *personally named* in its own action, Fresno County Counsel proceeded to threaten to seek ex parte relief removing First Steps' patients from the Subject Property in every discussion that followed.  The County Complaint concerns the same code violation dispute that is the subject of First Steps' September 2025 appeals that Fresno County has failed and/or refused to process.

g.    Fresno County amended the County Complaint on October 8, 2025 (the **"First Amended County Complaint"**), to remove the three First Steps employees that were previously individually named in the action and to add additional claims regarding violations of the Fresno County Zoning Ordinance.  Those new additions concern the same zoning dispute that Fresno County's own ordinances should have automatically stayed as a result of First Steps' May 2025 appeal.

h.    Rather than follow its own established administrative procedures and codified processes, Fresno County is flagrantly and patently refusing to process First Steps' administrative appeals in favor of pursuing its retaliatory, harassing, and premature action in the Fresno County Superior Court.  Fresno County's action was filed in bad faith as a response to the above-captioned action and, as discussed herein, its prosecution carries no reasonable possibility of Fresno County obtaining a valid order effecting the closure of the Subject Property.

i.    Compounding these issues, Fresno County staff are, in some instances, actively preventing First Steps' staff, engineers, and contractors from obtaining assistance or otherwise submitting applications at the relevant Fresno County Department counters, even with regard to ministerial submittals that are, by law, approved at a staff level.  In some instances, Fresno County staff has communicated that they were instructed to direct First Steps to filter all communications and applications through Fresno County's attorneys, notwithstanding the minor and ministerial nature of the permits.

j.    Fresno County's abrupt departure from its earlier approvals and long-established administrative processes; unjustified and unreasonably aggressive uses of force and threats of force; harassing legal actions without factual or legal support; and selective enforcement only

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

targeting individuals suffering from SUDs receiving treatment from First Steps demonstrate clear animus and discriminatory purposes in Frenso County's actions.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Housing Act, 42 U.S.C. §§ 3601-3619

### [Disparate Treatment/Intentional Discrimination – § 3604(f)]

30. First Steps realleges paragraphs 1 through 29, above, as if fully set forth herein.

31. The Federal Fair Housing Act ("**FHA**"), codified at 42 U.S.C. § 3601 et seq., prohibits local governments from discriminating on the basis of a handicap.

32. As defined in the FHA, a "handicap" includes addiction to drugs or alcohol. Individuals who are in recovery from drug and alcohol addiction are protected from discrimination under the FHA.

33. Discrimination prohibited under the FHA includes local land use and zoning laws and practices that discriminate or have the effect of discriminating against individuals who suffer from a handicap.

34. First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

35. First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because it was previously approved by Defendant Fresno County's staff as "supportive housing" allowed in the AE zone by right where the Subject Property is situated.

36. Even though First Steps' use of the Subject Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a conditional use permit ("**CUP**") or other affirmative approval from Defendant Fresno County to continue operating on the Subject Property.

37. Defendant Fresno County's unprecedented determination that First Steps' use of the Subject Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal

12

of that determination, was a discriminatory act in violation of the FHA. The decision was improperly motivated by a discriminatory animus of Fresno County and/or members of the community like Mr. Davidson, against individuals who suffer a "handicap" or "disability" protected by the FHA. Defendant Fresno County's subsequent aggressive tactics and inspections of the Subject Property were harassing and discriminatory.

38.    Defendant Fresno County was aware that the Subject Property was being used as a group home for individuals with a handicap or disability and that federal anti-discrimination laws prohibited Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. Nevertheless, Defendant Fresno County refused to engage in an interactive process designed to find a reasonable modification that would protect Frist Steps' handicapped and disabled clients' right to live together as a family in a group home.

39.    As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages.    Unless Defendant Fresno County's discriminatory course of conduct ceases, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

40.    First Steps seeks all available relief for Defendant Fresno County's discriminatory acts, including, but not limited to, actual and/or punitive damages in an amount according to proof at trial. 42 U.S.C. § 3613(c)(1).

## SECOND CLAIM FOR RELIEF

### Violation of the Fair Housing Act

### [Failure to Reasonably Accommodate – 42 U.S.C. § 3604(f)]

41.    First Steps realleges paragraphs 1 through 40, above, as if fully set forth herein.

42.    The FHA defines discrimination to include the failure to provide a reasonable accommodation for individuals known to have a protected characteristic.    Specifically, the FHA prohibits local governments from refusing to make reasonable accommodations in rules, policies, or practices when such accommodations may be necessary to afford a person with a handicap or disability equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3).

43. In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the Subject Property, First Steps requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of the Subject Property as a residential treatment facility for handicapped and disabled individuals suffering from drug and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

44. The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the Subject Property. It does not require any additional action at all on the part of Defendant Fresno County other than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the Subject Property herein was a by right use not requiring a CUP or other local permits.

45. As of the filing of this complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

46. Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of the FHA.

47. First Steps seeks all available relief for Defendant Fresno County's discriminatory act, including, but not limited to, actual and punitive damages in an amount to be proven at trial. 42 U.S.C. § 3613(c)(1).

### THIRD CLAIM FOR RELIEF

### Violation of the Fair Housing Act

### [Interference/Coercion – 42 U.S.C. § 3617]

48. First Steps realleges paragraphs 1 through 47, above, as if fully set forth herein.

49. It is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by" the FHA. 42 U.S.C. § 3617.

50. Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce,

14

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

51.     Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the Subject Property for legal compliance to ordering an immediate closure of the Subject Property as "unsafe" for occupancy was solely intended to force compliance through coercion, intimidation, threats, and interference.

52.     First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and punitive damages in an amount to be proven at trial.  42 U.S.C. § 3613(c)(1).

## FOURTH CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act

### [Disparate Treatment/Intentional Discrimination – 42 U.S.C. §§ 12132, 12133; 28 C.F.R. § 35.130(b)]

53.     First Steps realleges paragraphs 1 through 52, above, as if fully set forth herein.

54.     The Americans with Disabilities Act ("**ADA**") prohibits local governments and their subdivisions from discriminating against individuals on the basis of a disability. 42 U.S.C. §§ 12131, 12132.

55.     Defendant Fresno County is a public entity within the meaning of 42 U.S.C. § 12131(1).

56.     As defined in the ADA, a "disability" includes the addiction to drugs or alcohol. 42 U.S.C. § 12102.  Thus, individuals who are seeking treatment and recovery from drug and alcohol addiction are protected from discrimination by local governments under the ADA.

57.     First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

58.     First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because it was previously

15

approved by Defendant Fresno County's staff as "supportive housing" allowed in the AE zone by right where the Subject Property is situated.

59.    Even though First Steps' use of the Subject Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a CUP to continue operating on the Subject Property.

60.    Defendant Fresno County's unprecedented determination that First Steps' use of the Subject Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal of that determination, was a discriminatory act in violation of the ADA.  The decision was improperly motivated by a discriminatory animus of Fresno County and/or members of the community like Mr. Davidson, against individuals who suffer a "handicap" or "disability" protected by the ADA. Defendant Fresno County's subsequent aggressive tactics and inspections of the Subject Property were harassing and discriminatory.

61.    Defendant Fresno County was aware that the Subject Property was being used as a group home for individuals with a handicap or disability and that federal anti-discrimination laws prohibited Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. Nevertheless, Defendant Fresno County refused to engage in an interactive process designed to find a reasonable modification that would protect Frist Steps' handicapped and disabled clients' right to live together as a family in a group home.

62.    As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages.  Unless Defendant Fresno County's discriminatory course of conduct ceases, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

63.    First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and/or punitive damages in an amount according to proof at trial. 42 U.S.C. § 12133.

///

///

## FIFTH CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act

### [Failure to Reasonably Accommodate – 42 U.S.C. §§ 12132, 12133; 28 C.F.R. § 35.130(b)]

64.    First Steps realleges paragraphs 1 through 63, above, as if fully set forth herein.

65.    The ADA requires local governments to make reasonable modifications to rules, policies, or practices when such modifications are requested and are necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

66.    In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the Subject Property, First Steps requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of the Subject Property as a residential treatment facility for handicapped and disabled individuals suffering from drug and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

67.    The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the Subject Property. It does not require any additional action at all on the part of Defendant Fresno County other than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the Subject Property herein was a by right use not requiring a CUP or other local permits.

68.    As of the filing of this complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

69.    Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of the ADA.

70.    First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and punitive damages in an amount to be proven at trial. 42 U.S.C. § 12133.

///

17

## SIXTH CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act

### [Interference/Retaliation – 42 U.S.C. §§ 12132, 12133, 12203(b); 28 C.F.R. § 35.130(b)]

71.     First Steps realleges paragraphs 1 through 70, above, as if fully set forth herein.

72.     It is unlawful to retaliate, interfere, coerce, or intimidate persons in connection with their exercise or enjoyment of any right protected by the ADA.  42 U.S.C. 12203.

73.     Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce, intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

74.     Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the Subject Property for legal compliance to ordering an immediate closure of the Subject Property as "unsafe" for occupancy, without any factual or legal support therefor, was solely intended to force compliance through coercion, intimidation, threats, and interference.

75.     First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and punitive damages in an amount to be proven at trial.  42 U.S.C. § 12133.

## SEVENTH CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act of 1973

### [Disparate Treatment/Intentional Discrimination – 29 U.S.C. §§ 794, 794a(a)(2)]

76.     First Steps realleges paragraphs 1 through 75, above, as if fully set forth herein.

77.     Section 504 of the Rehabilitation Act ("**Rehabilitation Act**") prohibits local governments and their subdivisions which receive federal funds from discriminating against individuals on the basis of a disability.  29 U.S.C. § 794; 84 C.F.R. § 84.1 et seq.

78.     Defendant Fresno County is a public entity that is a recipient of federal grant funds requiring nondiscrimination against persons with disabilities and the implementation of programs to prevent the same.  29 U.S.C. § 794.

///

79.     Drug addiction and alcoholism are "physical or mental impairments" such that people seeking treatment for the same are "handicapped" and suffer from a "disability" under the Rehabilitation Act. 29 U.S.C. § 794; 84 C.F.R. § 84.4; 84 C.F.R. Appendix A(a)(4). Thus, individuals who are seeking treatment and recovery from drug and alcohol addiction are protected from discrimination by local governments under the ADA.

80.     First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

81.     First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because it was previously approved by Defendant Fresno County's staff as "supportive housing" allowed in the AE zone by right where the Subject Property is situated.

82.     Even though First Steps' use of the Subject Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a CUP to continue operating on the Subject Property.

83.     Defendant Fresno County's unprecedented determination that First Steps' use of the Subject Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal of that determination, was a discriminatory act in violation of the Rehabilitation Act. The decision was improperly motivated by a discriminatory animus of Fresno County and/or members of the community like Mr. Davidson, against individuals who suffer a "handicap" or "disability" protected by the Rehabilitation Act. Defendant Fresno County's subsequent aggressive tactics and inspections of the Subject Property were harassing and discriminatory.

84.     Defendant Fresno County was aware that the Subject Property was being used as a group home for individuals with a handicap or disability and that federal anti-discrimination laws prohibited Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. Nevertheless, Defendant Fresno County

refused to engage in an interactive process designed to find a reasonable modification that would protect Frist Steps' handicapped and disabled clients' right to live together as a family in a group home

85.    As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages.    Unless Defendant Fresno County's discriminatory course of conduct ceases, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

86.    First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and/or punitive damages in an amount according to proof at trial.  29 U.S.C. § 794a.

## EIGHTH CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act of 1973

### [Failure to Reasonably Accommodate – 29 U.S.C. §§ 794, 794a(a)(2)]

87.    First Steps realleges paragraphs 1 through 86, above, as if fully set forth herein.

88.    The Rehabilitation Act requires local governments to make reasonable modifications to rules, policies, or practices when such modifications are requested and are necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

89.    In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the Subject Property, First Steps requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of the Subject Property as a residential treatment facility for handicapped and disabled individuals suffering from drug and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

90.    The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the Subject Property.  It does not require any additional action at all on the part of Defendant Fresno County other

than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the Subject Property herein was a by right use not requiring a CUP or other local permits.

91.    As of the filing of this complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

92.    Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of the Rehabilitation Act.

93.    First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and/or punitive damages in an amount according to proof at trial. 29 U.S.C. § 794a.

## NINTH CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act

### [Interference/Retaliation – 29 U.S.C. §§ 794, 794a(a)(2)]

94.    First Steps realleges paragraphs 1 through 93, above, as if fully set forth herein.

95.    It is unlawful to retaliate, interfere, coerce, or intimidate persons in connection with their exercise or enjoyment of any right protected by the Rehabilitation Act.

96.    Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce, intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

97.    Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the Subject Property for legal compliance to ordering an immediate closure of the Subject Property as "unsafe" for occupancy, without any factual or legal support therefor, was solely intended to force compliance through coercion, intimidation, threats, and interference.

98.    First Steps seeks all available relief for Defendant Fresno County's discriminatory course of conduct, including, but not limited to, actual and/or punitive damages in an amount according to proof at trial. 29 U.S.C. § 794a.

///

///

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

## TENTH CLAIM FOR RELIEF

### Violation of the California Anti-Discrimination Laws

**[Disparate Treatment/Intentional Discrimination/Failure to Accommodate/Failure to Prevent/Intimidation – Cal. Gov't Code §§ 65008, 12955, 12989.1; Cal. Civ. Code §§ 51, 52-52.3]**

99.    First Steps realleges paragraphs 1 through 98, above, as if fully set forth herein.

100.    The California Fair Employment and Housing Act ("FEHA") prohibits discrimination in housing and "through public or private land use practices, decisions, and authorizations because of . . . disability . . . veteran or military status, or ancestry. Discrimination includes, but is not limited to, restrictive covenants, zoning laws, denials of use permits, and other actions authorized under the Planning and Zoning Law (Title 7 (commencing with Section 65000)), that make housing opportunities unavailable." Cal. Gov't Code § 12955(L); *see* 2 Cal. Code Regs. § 12005(bb); Cal. Gov't Code § 12955.6.

101.    Local government agencies are prohibited from denying any individual or group "the enjoyment of residence, landownership, tenancy, or any other land use in this state because of" their membership in a protected class of persons under FEHA. Cal. Gov't Code § 65008.

102.    California's Unruh Civil Rights Act provides all persons are entitled to the full protection of the laws regardless of disability status. Cal. Civ. Code § 51(b); *see* Cal. Civ. Code §§ 52.1-52.3, 53. All violations of the ADA also constitute violations of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

103.    California requires all local agencies to administer their programs and activities relating to housing "in a manner to affirmatively further fair housing, and take no action that is materially inconsistent with its obligation to affirmatively further fair housing." Cal. Gov't Code § 8899.50(b)(1).

104.    Section 1 of Article I of the California Constitution provides, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

105.    The California laws referenced above are collectively referred to below as California anti-discrimination laws.

22

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

106.    As persons with disabilities, many of whom are also veterans or members of the military, First Steps' patients are entitled to California anti-discrimination laws' protections in connection with their use and enjoyment of the Subject Property for housing purposes.

107.    First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because no such zoning law or ordinance restricted the number of unrelated persons who may live together in association in a dwelling.

108.    First Steps' operation of a residential drug and alcohol treatment center on the Subject Property did not violate any Fresno County zoning law or ordinance because it was previously approved by Defendant Fresno County's staff as "supportive housing" allowed in the AE zone by right where the Subject Property is situated.

109.    Even though First Steps' use of the Subject Property was lawful and did not violate any Fresno County zoning law or ordinance, Defendant Fresno County unlawfully determined that First Steps was required to obtain a CUP to continue operating on the Subject Property.

110.    Defendant Fresno County's unprecedented determination that First Steps' use of the Subject Property was unlawful, and subsequent failure or refusal to act on First Steps' timely appeal of that determination, was a discriminatory act in violation of the FHA. The decision was improperly motivated by a discriminatory animus of Fresno County and/or members of the community like Mr. Davidson, against individuals who are a protected class under FEHA. Defendant Fresno County's subsequent aggressive tactics and inspections of the Subject Property were harassing, retaliatory, and discriminatory.

111.    Defendant Fresno County was aware that the Subject Property was being used as a group home for individuals who are protected by California's anti-discrimination laws prohibiting Defendant Fresno County from engaging in unlawful discrimination, including the failure to provide the First Steps residents a reasonable accommodation. In addition to First Steps' earlier requests for zoning approvals and permits before investing in the treatment facility on the Subject Property, First Steps requested Defendant Fresno County reconsider its prior decision and work toward providing a reasonable accommodation for its residents' disabilities in the form of a decision that First Steps' use of

the Subject Property as a residential treatment facility for handicapped and disabled individuals suffering from drug and alcohol addiction remains a by right use not requiring a CUP or other local permits in compliance with the applicable agricultural AE zoning.

112.   The requested accommodation is reasonable because it does not impose any financial or other burden on Defendant Fresno County, nor does it require Fresno County to provide any additional services or assistance to First Steps for their continued ownership and use of the Subject Property. It does not require any additional action at all on the part of Defendant Fresno County other than a reversal of their prior unprecedented, discriminatory reversal of the 2023 determination First Steps' use of the Subject Property herein was a by right use not requiring a CUP or other local permits.

113.   As of the filing of this First Amended Complaint, Defendant Fresno County has not provided First Steps the requested accommodation.

114.   Defendant Fresno County's refusal to provide the reasonable accommodation First Steps requested is itself a discriminatory action in violation of California anti-discrimination laws.

115.   Defendant Fresno County's course of conduct outlined above, threatening the safety and wellbeing of First Steps' handicapped and disabled patients, was intended to coerce, intimidate, threaten, and interfere with their quiet enjoyment of their rights to live together as a family in a group home.

116.   Defendant Fresno County's rapid pivot from asserting First Steps must make minor and administrative fixes to the Subject Property for legal compliance to ordering an immediate closure of the Subject Property as "unsafe" for occupancy was solely intended to force compliance through coercion, intimidation, threats, and interference. This is well outside the bounds required by Defendant Fresno County's obligation to prevent discrimination and foster housing inclusivity as a matter of statewide policy.

117.   As a result of Defendant Fresno County's discriminatory actions, First Steps has suffered and will continue to suffer monetary damages.   Unless Defendant Fresno County's discriminatory course of conduct ceases, First Steps and its patients will suffer irreparable harm in the form of permanent business closures, unfinished treatments presenting health risks, and leaving patients with no place to go for housing or treatment in Fresno County.

118.    First Steps seeks all available relief for Defendant Fresno County's discriminatory acts, including, but not limited to, actual and/or punitive damages in an amount according to proof at trial. *See, e.g.* Cal. Civ. Code §§ 52-52.3.

## PRAYER FOR RELIEF

First Steps respectfully requests that the Court:

1.    Enter an order that the Defendant Fresno County's conduct is adjudged and decreed to violate the FHA, ADA, Rehabilitation Act, California law, and other anti-discrimination laws as alleged herein;

2.    Enter a permanent order enjoining and restraining Defendant Fresno County from discriminating against First Steps by interfering with their current ownership and use of the Subject Property as a residential treatment center for individuals recovering from drug or alcohol addiction;

3.    Enter an order awarding First Steps actual and punitive damages against the Defendants for their discriminatory acts as permitted by law, in an amount to be determined at trial;

4.    Enter an order awarding First Steps its reasonable attorneys' fees and costs as allowed under law; and

5.    Grant all other and further relief to which First Steps may be entitled at law or in equity as the Court deems just and proper.

Dated: December 18, 2025                        WANGER JONES HELSLEY PC


By: _____
John P. Kinsey
Marisa L. Balch
Hunter C. Castro
Daniel J. Frea
Attorneys for Plaintiffs True North Detox, LLC, dba First Steps Recovery

FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, AMERICANS WITH DISABILITIES ACT, AND CALIFORNIA ANTI-DISCRIMINATION LAWS; REQUEST FOR INJUNCTIVE RELIEF

## DEMAND FOR JURY TRIAL

Plaintiff TRUE NORTH DETOX, LLC, dba FIRST STEPS RECOVERY, hereby demands a jury trial for all issues so triable in this action.

Dated: December 18, 2025

WANGER JONES HELSLEY PC

By: _____
John P. Kinsey
Marisa L. Balch
Hunter C. Castro
Daniel J. Frea
Attorneys for Plaintiffs True North Detox, LLC, dba First Steps Recovery

26

# EXHIBIT A

## TO FIRST AMENDED COMPLAINT

Permit requirements for plan submittals for as built work done without permits or inspections.

10428 N Armstrong (back house) & 10422 N Armstrong (front house):

- Change of occupancy permit. Provide occupancy type and occupancy number of people. (for each individual house). Provide number of staff there daily. Provide type of occupant, ambulatory or non-ambulatory.
- Provide operational statement for use of buildings.
- Contact Fire Department for their requirements: Change of occupancy may require Fire Sprinkler system. Or obtain an exemption letter from the Fire Department stating fire sprinklers are not required.
- Provide floor plans for all occupied areas showing changes made to interior and exterior walls. Provide existing floor plans and new floor plans showing all changes made. Provide all foundation and structural details required including electrical, plumbing, mechanical, etc. for all modifications that have been done.

- 10428 had an existing carport built (without permit records), behind Ag Exempt storage building. This carport structure was converted to offices. Provide complete plans including foundation, structural, electrical, plumbing, mechanical, etc. Carport may have only had pad footings under the posts. The converted offices will require a perimeter foundation per code. (see picture below)
- Ag storage building also converted to offices. Ag storage building has a structurally non-compliant patio in front built without permits.



- Both front and back houses had garage conversions to habitable space. Provide plans and details for these.
- Both houses have kitchen remodels with commercial cooking equipment. Provide complete plans for kitchens including structural changes to the houses and ventilation systems for the cooking appliances with manufacturer specs for all cooking equipment showing clearances, requirements, etc. Electrical outlets in kitchens are required to be GFCI protected. These were not observed during site visit. Provide gas plans showing BTUs of all new kitchen equipment, size of piping, length of gas piping from the source, etc.
- Depending on the occupancy type and number of occupants, there may be minimum clearances for hallways in the houses. (to be determined with plan submittal).

- Provide plans and details for all new buildings added. Front house has two sheds converted to habitable space. Also, a pergola shade structure installed without permits.
- For plan submittals, per the occupancy type, show all the specific requirements in the California Building Code.
- Large originally permitted as a "shop" building, has been converted into doctor offices and meeting room. Provide all plans for new walls, electrical, plumbing, mechanical, etc. Keep in mind that prior to this, the building was converted into a music studio without permits or inspections.
- Provide details for all bathroom remodels that have been done.
- Provide details for the remodeled laundry rooms. (washers and dryers have been installed under a porch roof and exposed to the exterior) these units are not rated for exterior installation.
- Provide all required plans and details for the in-ground pool at the back house.
- Obtain permits for all re-roofs done.
- Obtain permits for all HVAC roof top units replaced.
- Obtain permits for all new electrical panels installed, new conduit runs, etc.
- Obtain permits for all water heater replacements.
- Provide any and all plans and details for items that may have been missed at the site visit that have been installed without permits.
- Septic systems will also need to be engineered for the new occupancy load and usage, for both houses.

***This may not be a complete list. Upon submittal of plans, additional items may be discovered***.